UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KAYLA HEBERT** | **CASE NO. 2:24-CV-00075** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRADD L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Jude Viator. Plaintiff opposes the motion. Doc. 18.

### I.
#### BACKGROUND

This suit arises from plaintiff's alleged exposure to toxic mold while residing as a tenant at Erdace Apartments in Lake Charles, Louisiana. She filed suit against BRADD, LLC, the owner of the complex; and Jude Viator, to whom BRADD allegedly delegated maintenance responsibilities for the apartments, in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on December 19, 2023. Doc. 1, att. 2. BRADD then removed the suit to this court, asserting that Viator and plaintiff were both citizens of Louisiana but that Viator had been improperly joined to defeat diversity jurisdiction. Doc. 1.

Viator now moves to dismiss the claims brought against him under Federal Rule of Civil Procedure 12(b)(6). Doc. 11. Specifically, he asserts that the allegations fail to show that he owed any personal duty to plaintiff and that he thus cannot be held liable for her negligence claims. Plaintiff opposes the motion and argues that the case should be remanded for lack of diversity jurisdiction. Doc. 18.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

In the complaint plaintiff alleged that Viator is the senior physical property manager for Erdace Apartments "with daily responsibilities over the operations and maintenance" of the apartments. Doc. 1, att. 2, ¶ 6. She further alleges that, while residing at Erdace

Apartments from January to June 2023, she notified defendants of mold in her unit and that "extensive toxic mold" was later confirmed through inspection and testing. *Id.* at ¶¶ 3–5. She also asserts that defendants should have been aware of this condition based on visual inspections, maintenance, tenant complaints, odor, the knowledge of prolonged moisture in the building, and/or mold testing. *Id.* at ¶ 5. Accordingly, she maintains that Viator breached a duty owed to her by "failing to promptly and properly address and mitigate the conditions conducive to mold growth despite actual knowledge of said conditions." *Id.* at ¶ 6.

Viator maintains that plaintiff cannot establish a reasonable likelihood of recovery against him because, under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), a plaintiff is barred from recovering "against a manager personally based on allegations that the manager breached an administrative responsibility." He also asserts that he is not an employee of BRADD, but attaches no evidence in support and does not deny that he has some maintenance responsibilities at the apartment complex in question.

Under *Canter*, personal fault cannot be imposed based on a general administrative responsibility. *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing *Canter*, 283 So.2d at 721). Here, however, plaintiff has alleged that Viator was charged with maintenance of the apartment complex and that defendants were placed on notice of possible mold in her unit. The complaint provides adequate detail to support a claim of negligence against Viator based on his failure to remedy a dangerous condition of which he was aware or should have been aware, and which it was within the scope of his duties as property manager to address. *Accord Walker v. Terrance*, 2020 WL 3287271, at *2 (E.D. La. June

18, 2020); *see also Gerald v. Hosp. Props. Trust*, 2009 WL 1507570 (E.D. La. May 27, 2009) (finding no improper joinder of hotel managers based on negligence claims arising from individual actions they took to address a hazardous condition both were aware of). Additionally, the court can find no case law requiring that Viator be directly employed by the owner of the complex to support a claim of individual liability. Because Viator fails to make a case for dismissal under Rule 12(b)(6), and there are no allegations of fraud in the pleadings, defendants cannot meet their heavy burden for establishing improper joinder. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004). Accordingly, the court lacks diversity jurisdiction over this suit and the matter will be remanded.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be **DENIED** and the matter will be remanded to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED** in Chambers on the 8th day of March, 2024.

*[Signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**